In this case, the court were unanimously of opinion, that the operation of law tvas very different from what it was in the foregoing case against Cunnington; and that in this will there were words sufficiently explanatory of the testatrix’s intention, so as to qualify the generality of the wore.s “heirs of “ the bodyf and to make her grandchildren take as purchasers. That she did not mean or intend a perpetuity, is obvious from her adding immediately after the words heirs of her body, “ and their heirs and assigns for ever.” That although the. first words heirs of her body, unqualified and alone, would have made an estate tail; yet, the words superadded or ingrafted on them, make a joint-tenancy, which are tantamount to share and share alike, and evidently shews she intended an equal distribution of the property among her grandchildren after her daughter’s death. That wills have s *458 more liberal construction than deeds, and that it was the duty of the judges, wherever they could collect the intent and meaning of the testator or testatrix, from the will, to ... . . , , give it such a construction as was most evidently consonant to the intent and design of making it. That, at any rate, if there was any doubt upon the first clause of the will, yet the proviso shews very plainly her intention, viz. “ But if “ she should leave no issue, then to be disposed of as she should “ think proper.” The leaving no issue, here, may very properly be construed into leaving no children at the time of her death, which are a sufficient description of those she meant should take upon the death of her daughter — to wit, whatever children she might have at the time of her death.
The postea was delivered to the plaintiffs.